**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ALVARO ORTIZ, ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-06-834-M |
| ) | |
| JOSEPH SCIBANA, WARDEN, ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a federal prisoner appearing *pro se*, initiated this action by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Initial review of this matter reveals that Petitioner is challenging the conditions of his confinement rather than the execution of his sentence and that § 2241 is not the proper vehicle for bringing the claims alleged. It is therefore recommended that the Petition be summarily dismissed.[1]

Petitioner is currently in the custody of the Federal Bureau of Prisons and incarcerated at FCI, El Reno. Petitioner challenges the conditions of his confinement. Petitioner alleges he has been placed in isolation based on his refusals to "go to the compound." Petitioner alleges he was assaulted at FCI El Reno during a previous period of incarceration there and needs to be placed in protective custody. Petitioner contends his placement in isolation as

---

[1] Initial review and summary dismissal of the Petition is authorized by Rule 4 of the Rules Governing Section 2254 Cases which requires the Court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ." The Rules Governing Section 2254 Cases may be applied at the Court's discretion to habeas petitions, such as the one in this action, brought pursuant to authority other than 28 U.S.C. § 2254. *See* Rule 1(b) of the Rules Governing Section 2254 Cases. *See also Boutwell v. Keating*, 399 F.3d 1203, 1207 n. 2 (10th Cir. 2005).

punishment for refusing to "go to the compound" and its accompanying adverse consequences are unfair as Petitioner requires protective custody.

## Analysis

The federal habeas corpus statutes grant district courts jurisdiction to entertain petitions for habeas corpus relief only for persons who are in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A claim brought pursuant to 28 U.S.C. § 2241 is cognizable if it attacks the execution of a prisoner's sentence as it affects the fact or duration of the prisoner's confinement. *See, e.g., Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir. 2004). In this action, however, Petitioner does not challenge the fact or duration of his confinement but instead expressly states that he is challenging the conditions of his confinement. His claims, therefore, are not cognizable under the federal habeas corpus statutes. *See, e.g., Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001) ("[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus. Prisoners who raise constitutional challenges to other prison decisions -- including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, *e.g.* conditions of confinement, must proceed under Section 1983 or *Bivens*.")) (citation omitted), *vacated as moot*, 268 F.3d 953 (10th Cir.2001). Instead, the correct vehicle for Petitioner's claims is a civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Abdulhaseeb v. Ward*, 173 Fed.

Appx. 658 (10th Cir. March 27, 2006) (unpublished op.) (prisoner's allegations concerning improper placement and confinement in restrictive housing unit related to conditions of confinement rather than fact or length of confinement and, therefore, were improperly brought pursuant to 28 U.S.C. § 2241); *Huerta v. Hawk-Sawyer*, 16 Fed. Appx. 916 (10th Cir. Aug. 9, 2001) (unpublished op.) (federal prisoner's allegations challenging his transfer and segregated confinement were challenges to the conditions of his confinement and could not be brought in a § 2241 habeas action).  Therefore, *sua sponte* dismissal of Petitioner's conditions of confinement claims is proper.

Petitioner has failed to state a claim for federal habeas relief.  His Petition, therefore, should be summarily dismissed, but dismissal should be without prejudice to refiling his claims in a civil rights action pursuant to *Bivens*.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that the Petition for Writ of Habeas Corpus [Doc. #1] be summarily dismissed.  Petitioner is advised of the right to object to this Report and Recommendation by October  18th , 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing any objections with the Clerk of the District Court.  Failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Court Clerk is directed to mail a copy of this Report and Recommendation to the Respondent and to the United States Attorney for the Western District of Oklahoma on behalf of Respondent for informational purposes.

This Report and Recommendation disposes of all matters referred to the Magistrate Judge in this case.

ENTERED this __28th__ day of September, 2006.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE